Johnson v Department of Parks & Recreation (2020 NY Slip Op 50850(U))

[*1]

Johnson v Department of Parks & Recreation

2020 NY Slip Op 50850(U) [68 Misc 3d 127(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-207 Q C

Kevin Johnson, Appellant, 
against
Department of Parks and Recreation, Respondent.

Kevin Johnson, appellant pro se.
Corporation Counsel (Zachary W. Carter of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maurice
E. Muir, J.), entered September 27, 2018. The order granted defendant's motion to dismiss the
complaint.

ORDERED that the order is affirmed, without costs.
On September 12, 2017, plaintiff commenced this action against "Dept. of Parks and
Recreation" to recover for personal injuries allegedly sustained on June 10, 2016 at a Queens
County park. Defendant moved to dismiss the complaint on the grounds that (1) pursuant to New
York City Charter, ch 17, § 396, the New York City Department of Parks and Recreation is
not amenable to being sued and (2) the action is barred by the statute of limitations. The Civil
Court granted defendant's motion, finding that the summons with endorsed complaint had been
filed four days beyond the expiration of the statute of limitations. 
The applicable statute of limitations is "one year and ninety days after the happening of the
event upon which the claim is based" (General Municipal Law § 50-I [1] [c]). The Civil
Court correctly determined that an action commenced on September 12, 2017 to recover against
a city for personal injuries allegedly incurred on June 10, 2016 is time-barred (see Ali v
Moss, 35 AD3d 640, 641 [2006]; Spirig v Evans, 26 AD3d 425 [2006]). Moreover,
"agencies of the City are not amenable to being sued" (Matter of Carpenter v New York City
Hous. Auth., 146 AD3d 674, 674 [2017]).
Accordingly, the order is affirmed. 
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020